UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER, <br><br> Plaintiff, <br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES et al., <br><br> Defendants. | CASE NO. 2:25-cv-02302-LK <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL AND DISMISSING COMPLAINT |

This matter comes before the Court on Plaintiff Justin Baker's Application for Court-Appointed Counsel. Dkt. No. 6. For the reasons set forth below, the Court denies the motion and dismisses the complaint.

### I.  BACKGROUND

Mr. Baker filed a motion to proceed *in forma pauperis* ("IFP") and his proposed pro se complaint on November 16, 2025. Dkt. No. 1. United States Magistrate Judge Brian A. Tsuchida granted the application to proceed IFP but recommended that the Court review the complaint under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 4.

Mr. Baker's complaint names as Defendants the Washington State Department of Social and Health Services, Washington Adult Protective Services, the Washington State Office of Administrative Hearings, the Washington State Attorney General's Office, the University of Washington Medical Center, and the Washington State Human Rights Commission. Dkt. No. 5 at 2–3. Among other things, Mr. Baker alleges that he has "neurological and mental and physical disabilities," but Defendants are "not providing adequate care" to him. *Id.* at 2–4. Mr. Baker also contends that "[t]he state of Washington office of administrative hearings and department of Social services both refused [his] reasonable accommodations for more food, resulting in discrimination against [him] and causing [him] to lose over 40 lb and be malnourished." *Id.* at 8. He further alleges that "Adult protective services of Washington State discriminated against [him] by telling [him] he doesn't meet the vulnerable adult definition of Washington state legislative code." *Id.* at 11.

Mr. Baker asserts the following claims against all Defendants: 1) defamation under 28 U.S.C. § 4101, 2) negligence under 46 C.F.R. § 5.29; 3) "breach of duty" under 29 U.S.C § 1109; 4) "[p]rohibition of discrimination by public accommodations" under 42 U.S.C. § 12182; and 5) "[r]etaliation or coercion" under 28 C.F.R. § 36.206. *Id.* at 6.

## II. DISCUSSION

**A.    The Complaint Fails to State a Claim**

Because Mr. Baker is proceeding IFP, Dkt. No. 4, his complaint is subject to dismissal "at any time" if the Court determines that it fails to state a claim, 28 U.S.C. § 1915(e)(2)(B)(2)(ii).

   1. <u>Mr. Baker Has Not Stated a Claim under 28 U.S.C. § 4101</u>

Mr. Baker brings a claim for "defamation" under 28 U.S.C. § 4101, Dkt. No. 5 at 6, alleging that his "MyChart privileges have been revoked with false defamatory comments from University of Washington," some of his medical providers at the University of Washington have made "defamatory comments about [him] for . . . getting upset about not getting enough food," and "the

Washington State [H]uman Rights commission made defamatory comments about [him] with no evidence to support the false comments," *id.* at 4–5, 10–11. However, Section 4101 merely includes the definition of defamation and does not convey a private right of action. *See Friedmann v. Franklin Pierce Pub. Schools*, No. 3:22-cv-06010-LK, 2024 WL 4349550, at *12 (W.D. Wash. Sept. 30, 2024) (citing *Sanders v. Hill*, No. 5:23-cv-1949, 2023 WL 8544229, at *2 (N.D. Ohio, Dec. 11, 2023)). Moreover, that section "is a part of a broader statutory scheme prohibiting a domestic court from enforcing a foreign judgment for defamation unless certain prerequisites are met." *Id.* (citation modified). Mr. Baker was told in a prior lawsuit that Section 4101 is inapplicable absent a foreign judgment, *see Baker v. Avenue5 Residential et al.*, No. 2:24-cv-01862-JHC, 2025 WL 1207666, at *2 (W.D. Wash. Apr. 25, 2025), but here again, Mr. Baker does not allege the existence of a foreign judgment for defamation. Accordingly, the statute is inapplicable, and the Court dismisses the statutory defamation claim.

2. <u>Mr. Baker Has Not Stated a Claim for Negligence under 46 C.F.R. § 5.29</u>

Mr. Baker's negligence claim under 46 C.F.R. § 5.29 fares no better. Dkt. No. 5 at 6. That regulation provides the definition of negligence in a section regarding "Marine Investigation Regulations—Personnel Action" to "establish policies for administrative actions against mariners' credentials or endorsements issued by the Coast Guard." 46 U.S.C. § 5.3. Mr. Baker does not explain how his allegations fall within the ambit of that regulation, and the Court dismisses this claim.

3. <u>Mr. Baker Has Not Stated a Claim under 29 U.S.C § 1109</u>

Mr. Baker's claim under 29 U.S.C § 1109 in unaccompanied by any factual allegations. *See generally* Dkt. No. 5. Nor does his complaint allege how that ERISA-related statute applies here, that any of the Defendants are fiduciaries, or that he was subject to an ERISA-related "plan." *See* 29 U.S.C. § 1109 (establishing liability for breach of fiduciary duty by a "person who is a

fiduciary with respect to a plan"); 29 U.S.C. § 1002(3) (defining a covered "plan" as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan"). The Court thus dismisses this claim.

4. Mr. Baker Has Not Stated a Claim under 42 U.S.C. § 12182

Turning to Mr. Baker's claim under 42 U.S.C. § 12182, Dkt. No. 5 at 6, that statute is part of Title III of the Americans with Disabilities Act ("ADA). Section 12182 prohibits places of public accommodation from discriminating against people with disabilities "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations[.]" 42 U.S.C. § 12182(a).

Section 12182 applies to "public accommodations," which are defined to include specific entities, but that list does not include government entities. *See* 42 U.S.C. § 12181(7). Consequently, "Title III of the ADA does not apply to governmental entities," including the state of Washington. *Sanchez v. Washington*, No. 3:17-cv-1669-SI, 2018 WL 5085756, at *8 (D. Ore. Oct. 18, 2018). Accordingly, Mr. Baker has not stated a claim under 42 U.S.C. § 12182.

5. Mr. Baker Has Not Stated a Claim under 28 C.F.R. § 36.206

Mr. Baker includes "Retaliation or coercion (28 CFR § 36.206)" in his list of claims, Dkt. No. 5 at 6, but he does not elaborate on that regulation anywhere in his complaint. The regulation states,

> No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the [ADA] or this part.

28 C.F.R. § 36.206(b). Prohibited conduct also includes "[t]hreatening, intimidating, or interfering with an individual with a disability who is seeking to obtain or use the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation;" *id.* § 36.206(c)(2), and

1  "[r]etaliating against any person because that person has participated in any investigation or action
2  to enforce the Act or this part," *id.* § 36.206(c)(4).

3  Mr. Baker alleges that he complained to his medical providers at the University of
4  Washington that "his nutritional needs and well-being [were] not being addressed by the state of
5  Washington," but "University of Washington medical providers discriminated against [him] and
6  retaliated and told [him] he was not conforming with MyChart policies, for . . . simply voicing his
7  constitutional rights about his food and nutrition and medical care." Dkt. No. 5 at 8–9. He further
8  alleges that the University discriminated and retaliated against him because "he's no longer
9  allowed to have on-demand medical visits like the other non-disabled patients," and his requests
10 for telehealth appointments as an accommodation have been denied. *Id.* at 10. Mr. Baker also
11 contends that his "University of Washington medical providers have even threatened [him] by
12 telling [him] there would be consequences if [he] continued to talk about litigation against
13 University of Washington," so now the University "attempts to punish [him] for voicing his
14 constitutional rights about federal litigation." *Id.* These alleged acts of retaliation for exercising
15 his "constitutional rights" do not fall within the scope of the ADA. *See* 42 U.S.C. § 12203(a–b)
16 (prohibiting retaliation, interference, coercion, or intimidation for, among other things, exercising
17 "any right granted or protected by this Act"); *see also James v. San Francisco Unified Sch. Dist.*,
18 No. 18-cv-04448-YGR, 2018 WL 11472145, at *6 (N.D. Cal. Dec. 20, 2018) (noting that Section
19 36.206 states that entities shall not "retaliate against an individual for exercising rights protected
20 by the ADA"). Moreover, Mr. Baker's complaint does not include any allegations about how any
21 of the other Defendants allegedly engaged in "[r]etaliation or coercion" against him for exercising
22 a right protected by the ADA. *See generally* Dkt. No. 5. Accordingly, Mr. Baker has failed to state
23 a claim under 28 C.F.R. § 36.206.

24

6. <u>Leave to Amend</u>

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment may be possible, the Court grants Mr. Baker leave to file an amended complaint to assert a claim under the ADA and its regulations. However, this Order limits Mr. Baker to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order. He may not reallege claims under 28 U.S.C. § 4101, 46 C.F.R. § 5.29, or 29 U.S.C § 1109 because doing so would be futile for the reasons set forth above.

**B.   The Court Declines to Appoint Counsel**

Finally, Mr. Baker's motion for court-appointed counsel is denied. There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (citation modified). However, in "exceptional circumstances," the Court may seek to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing former version of statute). Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation modified).[1]

Exceptional circumstances may exist where litigants have an insufficient grasp of the legal issues involved or are unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp.*

---

[1] The Court notes that Section 1915(e)(1) "does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307 (1989) (Section 1915 does not authorize compulsory appointments); *Dragasits v. Rucker*, No. 18-CV-0512-WQH-AGS, 2021 WL 4710854, at *2 (S.D. Cal. Oct. 8, 2021) ("[T]he statutory authority to recruit civil counsel" does not allow the Court to "force attorneys to represent an indigent civil litigant.").

*of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to the relevant case law and litigant's circumstances). "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). The likelihood of success on the merits is low in light of the Court's analysis above. Moreover, this case does not appear to present the type of legally or factually complex issues that would preclude Mr. Baker from adequately articulating his claims pro se. Mr. Baker has demonstrated that he is able to file pleadings and motions in this case. While he might more articulately set forth the facts underlying his claims with the assistance of counsel, that is not the test. *See Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Thus, at this stage of the litigation, the Court cannot find the exceptional circumstances necessary to justify appointment of counsel. Accordingly, the Court denies Mr. Baker's motion to appoint counsel.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Baker's motion for court-appointed counsel, Dkt. No. 6, and DISMISSES his complaint, Dkt. No. 5, with limited leave to amend as described above. Mr. Baker's amended complaint, should he choose to file one, must clearly identify the basis for this Court's subject matter jurisdiction, and must provide a short and plain statement of the factual basis of each of his claims as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted against each defendant, the specific facts that Mr. Baker believes support each claim, and the specific relief requested.

If Mr. Baker does not file a proper amended complaint by December 31, 2025, the Court will dismiss this action and close this case.

Dated this 10th day of December, 2025.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL AND DISMISSING COMPLAINT - 8