UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN BAKER,

                      Plaintiff,

        v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES et al.,

                      Defendants.

CASE NO. 2:25-cv-02302-LK

ORDER GRANTING MOTION TO WITHDRAW MOTION TO VOLUNTARILY DISMISS CASE; DENYING MOTIONS FOR RECONSIDERATION, SERVICE OF PROCESS, AND DEFAULT

This matter comes before the Court on Plaintiff Justin Baker's motion to withdraw his previously filed motion to voluntarily dismiss this case, Dkt. Nos. 17, 18, his motion for reconsideration, Dkt. No. 10, his motion for service by the U.S. Marshals Service, Dkt. No. 12, his praecipe regarding disability-related accommodations, Dkt. No. 13, and his notice of default, Dkt. No. 19. For the reasons set forth below, the Court grants Mr. Baker's motion to withdraw his motion to dismiss, and denies his requests for reconsideration, service of process, disability-related accommodations, and default.

## I.    BACKGROUND

On December 10, 2025, the Court dismissed Mr. Baker's original complaint for failure to state a claim, granted him leave to file an amended complaint, and denied his motion to appoint counsel. *See generally* Dkt. No. 9. Mr. Baker then filed a "request for pleading codes and claims legal relief and response to document 9," Dkt. No. 10 at 1; a "motion requesting court approval of intended amended statute codes and request for US Marshals service of Summons upon defendant's attorneys upon their request - after review of Case 2-25-cv-02302-lk Document 9," Dkt. No. 12 at 1; a praecipe regarding disability-related accommodations, Dkt. No. 13; an amended complaint, Dkt. No. 14; a motion to voluntarily dismiss, Dkt. No. 17; a motion to withdraw the motion to voluntarily dismiss, Dkt. No. 18, and a motion for default, Dkt. No. 19.

## II.    DISCUSSION

### A.    The Court Grants the Motion to Withdraw the Pending Motion to Dismiss

Mr. Baker has filed a "motion to withdraw [his] motion to dismiss," stating that he "want[s] to give this complicated litigation a shot while [he] still ha[s] this case open." Dkt. No. 18 at 2. Defendants, who have not yet been served, have not responded to either the motion to dismiss or the motion to withdraw that motion.

Under Local Civil Rule 7(l), "[a] moving party may withdraw its own pending motion by filing a Notice to Withdraw Pending Motion." Although Mr. Baker did not title his motion to withdraw the pending motion as a notice, the Court construes it as such and allows him to withdraw his motion to voluntarily dismiss the case.

### B.    The Court Denies the Request for Reconsideration and Accommodations

Because Mr. Baker is proceeding pro se, the Court construes his "response to document 9," Dkt. No. 10 at 1, as a request that the Court reconsider its prior ruling denying his motion for appointment of counsel. His other filings also suggest that he may be seeking reconsideration of

ORDER GRANTING MOTION TO WITHDRAW MOTION TO VOLUNTARILY DISMISS CASE; DENYING MOTIONS FOR RECONSIDERATION, SERVICE OF PROCESS, AND DEFAULT - 2

that ruling. *See id.* (stating that he "need[s] somebody to assist" him with meeting the pleading requirements "and only the court would be able to provide that assistance"); Dkt. No. 17 at 1 (moving to dismiss his complaint "unless your court can appoint representation to prevent having to refile"); Dkt. No. 18 at 1 (stating that "it would be extremely helpful if your court could appoint an attorney to help and assist me").

Motions for reconsideration are disfavored under the local rules, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation modified)). Movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). A motion for reconsideration does not "provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023). Movants must also "plainly" label their motions for reconsideration as such, and file them within 14 days of the order to which they relate. LCR 7(h)(2).

Regardless of whether the Court construes Mr. Baker's filings as motions for reconsideration or new motions to appoint counsel, Mr. Baker has not shown that "exceptional circumstances" warrant the appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing former version of statute); *see* 28 U.S.C. § 1915(e)(1). A thorough review of the amended complaint, Dkt. No. 14, does not reveal a likelihood of success or legally or factually complex issues that would preclude Mr. Baker from adequately articulating his claims

pro se. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). Accordingly, the Court denies his request for reconsideration and appointment of counsel.

Mr. Baker's motion to withdraw his motion to dismiss also requests disability-related accommodations. He states,

> I am in no way shape or form in good health at the moment, and I will need some accommodations from the court to move at a slower pace and try to understand these technical deadlines and requirements and other factors of this litigation, including discovery meetings and motions etc, and it would be extremely helpful if your court could appoint an attorney to help and assist me[.]

Dkt. No. 18 at 1. Relatedly, he filed a praecipe attaching a note from a physician listing his medical conditions and stating, "Please provide standard disability accommodations per ADA." Dkt. No. 13 at 1. As set forth above, Mr. Baker is not entitled to the appointment of counsel. Nor does he identify any other specific accommodation he seeks or show that he is entitled to accommodations.[1] The Court thus declines to grant an accommodation.

**C.      The Court Denies the Motions for Service of Process and Default**

Mr. Baker has moved to have the U.S. Marshal Service serve Defendants on his behalf because he is "disabled and approved for in forma pauperis status[.]" Dkt. No. 12 at 3. However, the addresses and recipients in the summons Mr. Baker filed, Dkt. Nos. 1-4–1-9, do not match the recipients and addresses in Mr. Baker's motion for service, Dkt. No. 12 at 2. Nor has he submitted amended summons. Accordingly, the Court denies Mr. Baker's motion for service without prejudice. Within 14 days of the date of this order, Mr. Baker must either file amended summons and a renewed motion for service, or request that the Court issue the summons he previously filed, Dkt. Nos. 1-4–1-9, so that he can serve Defendants himself.

---

[1] The Court further notes that the Americans with Disabilities Act does not apply to federal courts. 42 U.S.C. § 12131(1); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012).

ORDER GRANTING MOTION TO WITHDRAW MOTION TO VOLUNTARILY DISMISS CASE; DENYING MOTIONS FOR RECONSIDERATION, SERVICE OF PROCESS, AND DEFAULT - 4

Because Mr. Baker has not served Defendants, he is not entitled to default against them. *See* LCR 55(a) (a party moving for default must file an affidavit that "show[s] that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4."). The Court thus denies his motion for default. Dkt. No. 19.

Finally, the Court reminds Ms. Baker that pro se litigants are subject to the same procedural requirements as other litigants. *Munoz Gonzalez v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules. *See Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023). The Court refers Mr. Baker to the Federal Rules of Civil Procedure, available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure, the Local Civil Rules for the Western District of Washington, *available at* https://www.wawd.uscourts.gov/sites/wawd/files/032725%20WAWD%20Local%20Civil%20Rules%20-%20Clean.pdf, and the Western District of Washington's guide for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se. Failure to comply with applicable laws, rules, or orders may result in sanctions up to and including revocation of e-filing privileges and dismissal of the case altogether. 28 U.S.C. § 1651(a); *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action); *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990); *Shankar v. Microsoft Corp.*, No. C24-0308-JCC, 2024 WL 4664413, at *1–2 (W.D. Wash. Nov. 4, 2024) (revoking e-filing privileges after pro se plaintiff ignored Court's directives regarding proper filings).

ORDER GRANTING MOTION TO WITHDRAW MOTION TO VOLUNTARILY DISMISS CASE; DENYING MOTIONS FOR RECONSIDERATION, SERVICE OF PROCESS, AND DEFAULT - 5

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Baker's motion, Dkt. No. 18, to withdraw his previously filed motion to voluntarily dismiss this case, Dkt. No. 17, DENIES his request for reconsideration, Dkt. No. 10, DENIES without prejudice his motion for service, Dkt. No. 12, and DENIES his motion for default, Dkt. No. 19. Within 14 days of the date of this Order, Mr. Baker must either file amended summons and a renewed motion for service, or request that the Court issue the summons he previously filed, Dkt. Nos. 1-4–1-9, so that he can serve Defendants himself. If he does not timely do so, the Court will dismiss this case without prejudice.

Dated this 27th day of January, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO WITHDRAW MOTION TO VOLUNTARILY DISMISS CASE; DENYING MOTIONS FOR RECONSIDERATION, SERVICE OF PROCESS, AND DEFAULT - 6