UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN BAKER,

                              Plaintiff,

              v.

WASHINGTON STATE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES et
al.,

                              Defendants.

CASE NO. 2:25-cv-02302-LK

ORDER DENYING MOTION FOR
RECONSIDERATION AND
GRANTING IN PART MOTION
FOR SERVICE

This matter comes before the Court on Plaintiff Justin Baker's motion for reconsideration, Dkt. No. 21, and his three service-related motions, Dkt. Nos. 22, 28, 30. For the reasons described below, the Court denies the motion for reconsideration, grants in part one of the service-related motions, and denies the other two service-related motions as duplicative and moot.

## I.    BACKGROUND

Mr. Baker's amended complaint alleges that various Washington State agencies have discriminated against him based on his disabilities. *See generally* Dkt. No. 14. He asserts claims under the Americans with Disabilities Act ("ADA") and other federal civil rights statutes. *Id.* at 6.

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR SERVICE - 1

On January 27, 2026, the Court issued an order granting Mr. Baker's motion to withdraw his motion to voluntarily dismiss his case, and denying his requests for reconsideration, service of process, disability-related accommodations, and default. *See generally* Dkt. No. 20. This group of motions followed.

## II.    DISCUSSION

### A.    The Court Denies the Motion for Reconsideration

Motions for reconsideration are disfavored under the local rules, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation modified)). Movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). A motion for reconsideration does not "provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Mr. Baker's motion does not meet the standard for reconsideration. He argues that the Court erred in denying his motion for default because counsel for Defendants have appeared and Defendants thus waived the requirements of personal service. Dkt. No. 21 at 1–2. However, in the case on which he relies, the Court found that different defendants waived service by filing an answer that did not challenge the sufficiency of process. *See id.* at 1 (citing *Baker v. Lifetime Advocacy Plus*, 2:25-cv-01785-TL, Dkt. No. 38 (W.D. Wash. Dec. 17, 2025) (finding that "Defendants waive[d] the requirement for personal service" when "an answer was filed prior to

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR SERVICE - 2

being served with a summons" that "failed to raise a challenge for insufficient service of process")). In this case, Defendants have neither answered nor waived service.

Mr. Baker also contends that the Court erred in denying his motion to appoint counsel because "special needs disabled litigants still need assistance[.]" Dkt. No. 21 at 3. As the Court explained, "Mr. Baker has not shown that 'exceptional circumstances' warrant the appointment of counsel." Dkt. No. 20 at 3–4 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing former version of statute)); *see* 28 U.S.C. § 1915(e)(1). Mr. Baker's disagreement with that conclusion does not demonstrate that the Court erred. Mr. Baker also contends that the prior dismissal of his complaint shows an intent "to block [him] from litigating against state agencies," Dkt. No. 21 at 6, but Mr. Baker has a live amended complaint, Dkt. No. 14, that is not blocked. Accordingly, the Court denies Mr. Baker's motion for reconsideration. Dkt. No. 21.

**B.      The Court Grants in Part One Service-Related Motion**

In its prior order, the Court denied Mr. Baker's motion to have the U.S. Marshal Service serve Defendants on his behalf because the addresses and recipients in the summons Mr. Baker filed did not match the recipients and addresses in Mr. Baker's motion for service. Dkt. No. 20 at 4. Nor had he submitted amended summons. *Id.* Accordingly, the Court ordered Mr. Baker to "either file amended summons and a renewed motion for service, or request that the Court issue the summons he previously filed, Dkt. Nos. 1-4–1-9, so that he can serve Defendants himself." Dkt. No. 20 at 4.

Three motions followed. First, Mr. Baker filed a "motion for service of summons," requesting service by U.S. Marshals. Dkt. No. 22 at 1. Second, he filed a "motion for leave to amend summons" because he was informed by Defendants' counsel that one attorney would be out on leave and a second attorney was appearing. Dkt. No. 28 at 1; *see also* Dkt. No. 27. Mr. Baker also filed a praecipe attaching a summons with the name of Defendants' new attorney. Dkt.

No. 29 at 1–2. And third, Mr. Baker filed what appear to be duplicate copies of his motion and praecipe, this time with the summons attached. *Compare* Dkt. Nos. 28, 29; *with* Dkt. Nos. 30, 31.

The motion at docket entry 30 complies with the Court's prior order, Dkt. No. 20, and is accompanied by an amended summons, Dkt. No. 31. The motion also suggests that Mr. Baker has been in contact with Defendants' new counsel, and she would like service-related documents sent to her. Dkt. No. 30 at 1. Accordingly, the Court grants that motion for service in part pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), and orders that the Clerk shall request a waiver from some of the Defendants as set forth below. The Court denies the other service related motions as duplicative and moot. Dkt. Nos. 22, 28.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Baker's motion for reconsideration, Dkt. No. 21, and DENIES two of his motions for service as duplicative and moot, Dkt. Nos. 22, 28. The Court GRANTS IN PART and DENIES IN PART his third motion for service, Dkt. No. 30, and ORDERS that:

1.  The Clerk is directed to request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) to the following Defendants: Washington State Adult Protective Services, Washington State Attorney General Office, Washington State Department of Social and Health Services, Washington State Human Rights Commission, and Washington State Office of Administrative Hearings. To those Defendants, the Clerk shall send a copy of the amended complaint (Dkt. No. 14), a copy of the relevant completed summons, Dkt. No. 31, a copy of this Order, two copies per Defendant of the form request for waiver of service of summons (10 copies total), and a return envelope, postage prepaid, addressed to the Clerk's Office. *See* Fed. R. Civ. P. 4(d).

    a.  At this time, the Clerk shall not request a waiver of service as to the University of Washington Medical Center because Defendants' counsel does not represent that entity, *see* Dkt. Nos. 11, 27 (notices of appearance), and Mr. Baker has not provided a summons for that entity.

    b.  Should Mr. Baker provide a corrected summons directed to the University of Washington Medical Center, he may file a new motion for service as to that entity. On the current record, Mr. Baker's motion to

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR SERVICE - 4

have the University of Washington Medical Center served by the United States Marshal Service is DENIED.

2.      The Clerk is directed to retain the summonses and a copy of the amended complaint in their file for future use.

3.      The Clerk shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

4.      Defendants shall respond to amended complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). A Defendant who fails to timely return the signed waiver may be personally served with a summons and complaint and may be required to pay the full costs of such service. *See* Fed. R. Civ. P. 4(d)(2).

Should Defendants not waive service, the Court will order service by the United States Marshal as necessary.

Dated this 9th day of March, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR SERVICE - 5