UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN BAKER,

                    Plaintiff,

          v.

WASHINGTON STATE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES et
al.,

                    Defendants.

CASE NO. 2:25-cv-02302-LK

ORDER DENYING MOTION FOR
RECONSIDERATION AND
REFERRING MOTION

This matter comes before the Court on Plaintiff Justin Baker's "motion to appoint an attorney for a fair trial, and notice of bias." Dkt. No. 48 at 1. For the reasons set forth below, the Court denies the motion and refers the "notice of bias" to Chief Judge Estudillo.

## I.    DISCUSSION

Mr. Baker's amended complaint alleges that various Washington State agencies have discriminated against him based on his disabilities. *See generally* Dkt. No. 14. He asserts claims under the Americans with Disabilities Act ("ADA") and other federal civil rights statutes. *Id.* at 6.

ORDER DENYING MOTION FOR RECONSIDERATION AND REFERRING MOTION - 1

## A.    The Court Denies the Motion for Appointment of Counsel

Mr. Baker moves for appointment of "an attorney for a fair trial[.]" Dkt. No. 48 at 1. The Court previously denied his motion for appointment of counsel, Dkt. No. 9, and denied his motions for reconsideration of that issue, Dkt. Nos. 20, 32. Regardless of whether the Court construes Mr. Baker's current motion as a motion for reconsideration or a new motion to appoint counsel, he has not shown that "exceptional circumstances" warrant the appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing former version of statute); *see* 28 U.S.C. § 1915(e)(1). A review of the amended complaint, Dkt. No. 14, does not reveal a likelihood of success or legally or factually complex issues that would preclude Mr. Baker from adequately articulating his claims pro se. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020).

## B.    The Court Declines to Recuse

Although Mr. Baker states that he is "not yet requesting a recusal," he also contends that the Court "used discretionary bias by forcing a federally disabled person with cognitive limitations to perform at the level of a trained attorney with no cognitive limitations." Dkt. No. 48 at 1–2. In light of that and similar allegations in the motion, *id.* at 2 (alleging that "you have made it very clear that you hold severe and strong bias and you have discriminated before the trial even starts"), the Court liberally construes Mr. Baker's motion as a motion to recuse.

Under the Local Civil Rules of this Court, whenever a motion to recuse is filed pursuant to 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.* The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). "The reasonable person is not someone who

ORDER DENYING MOTION FOR RECONSIDERATION AND REFERRING MOTION - 2

is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id.* (citation altered). "The recusal statute does not provide a vehicle for parties to shop among judges" after the presiding judge has issued an unfavorable ruling. *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988); *see also King v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 16 F.3d 992, 993 (9th Cir. 1994).

The undersigned judge has reviewed Mr. Baker's motion and determined that his assertions are unsupported. Mr. Baker seems to be inferring bias based on the Court's Minute Order striking one of his many motions as procedurally improper and reminding him that:

> "pro se plaintiffs . . . are subject to the same procedural requirements as other litigants." *Munoz Gonzalez v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules."

Dkt. No. 45. This unremarkable description of the law does not reflect bias. In addition, the Court has substantively addressed numerous motions from Mr. Baker, *see, e.g.*, Dkt. Nos. 9, 20, 32, 34; granted his motions for service, Dkt. Nos. 32, 34; and granted him a second chance to state a claim, Dkt. No. 9. Because none of the conditions for recusal in 28 U.S.C. § 455 are met, there is no basis to find that the undersigned judge's impartiality might reasonably be questioned or to find that there is an appearance of bias in this case, and the undersigned judge declines to recuse herself.

## II.    CONCLUSION

For the reasons set forth above, the Court DENIES Mr. Baker's motion to appoint counsel and to recuse. The undersigned judge DIRECTS the Clerk to refer this motion to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

Dated this 5th day of May, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION AND REFERRING MOTION - 3