UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER, | CASE NO. 2:25-cv-02302-LK |
| Plaintiff, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 53) |
| v. | |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES et al., | |
| Defendants. | |

This matter comes before the Court on the Honorable Lauren King's denial (Dkt. No. 53) of Plaintiff's "motion to appoint an attorney for a fair trial, and notice of bias." (Dkt. No. 48). Though not titled as a recusal motion, it does allege Judge King engaged in bias, which Judge King determined warranted referral to the undersigned. Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge King's decision not to recuse.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 53) - 1

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

On April 16, 2026, Plaintiff filed a "motion to appoint an attorney for a fair trial, and notice of bias[.]" (Dkt. No. 48.)  In this motion, Plaintiff asserted that Judge King "used discretionary bias" to force him, an individual with cognitive limitations, "to perform at the level of a trained attorney with no cognitive limitations." (*Id.* at 1.)  Plaintiff stated that if Judge King continued her "discriminatory bias behavior" he would seek her recusal. (*Id.* at 2.)  Plaintiff claimed he was "not yet requesting a recusal" but was placing Judge King on "notice" concerning her alleged discriminatory behavior. (*Id.*)

Judge King construed Plaintiff's motion as a motion for recusal. (Dkt. No. 55.)  Judge King declined to recuse herself, reasoning that Plaintiff appeared to be inferring bias based on Judge King's minute order (Dkt. No. 45) striking one of Plaintiff's many motions as procedurally improper and reminding him that pro se plaintiffs are subject to the same procedural requirements as other litigants. (Dkt. No. 55 at 3.)  To the extent Plaintiff disagrees with Judge King's orders denying his motions, adverse rulings cannot serve as the basis for a recusal

motion. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias."). Judge King's minute order reminds Plaintiff that pro se litigants are subject to the same procedural requirements as other litigants cannot serve as a basis for recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994) (a judge's "ordinary efforts at courtroom administration" do not constitute bias or partiality). Finally, Plaintiff has not presented evidence that Judge King discriminated against him based on his disability status in a manner that would warrant recusal.[1]

The Court finds Plaintiff provides no evidence that would lead a reasonable person to question Judge King's impartiality. Accordingly, the Court AFFIRMS Judge King's denial (Dkt. No. 53) of Plaintiff's motion (Dkt. No. 48) to the extent it requests Judge King recuse from presiding over Plaintiff's case.

Dated this 11th day of May, 2026.

David G. Estudillo
United States District Judge

---

[1] The Court notes that Plaintiff has made similar allegations of disability-based discrimination in seeking the recusal of other judges in this district. *See Baker v. Avenue5 Residential et al*, Case No. 2:24-cv-01862-JHC, Dkt. Nos. 37, 98; *Baker v. Lifetime Advocacy Plus et al*, Case 2:25-cv-01785-TL, Dkt. No. 137.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 53) - 3