UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER, | CASE NO. 2:25-cv-02302-LK |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Justin Baker's "Motion for reconsideration of Document 63 minute order." Dkt. No. 66. The Minute Order at docket entry 63 struck two of Mr. Baker's declarations as procedurally improper. Dkt. No. 63.

Motions for reconsideration are disfavored under the Local Civil Rules, and Mr. Baker has not shown manifest error in the prior ruling or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LCR 7(h)(1). Accordingly, the Court denies the motion for reconsideration.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Mr. Baker has also filed a "notice of manifest error and discrimination and conservative construing of [his] documents by Judge King" as a freestanding document and as an attachment to his motion for reconsideration. Dkt. No. 65 at 1; Dkt. No. 66 at 2. Mr. Baker does not move to recuse the undersigned; rather, he states that he is "leaving a record for the 9th Circuit of appeals[.]" Dkt. No. 65 at 1; Dkt. No. 66 at 2. Accordingly, and because the Court just referred similar allegations to the Chief Judge,[1] the Court does not construe this filing as a motion to recuse under Local Civil Rule 3(f) or refer it to the Chief Judge again. The Court further STRIKES these notices as procedurally improper. *See Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020) ("[A]ny document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." (citation modified)); *Boyd v. Int'l Union of Operating Eng'rs Loc. 701*, No. 2:25-CV-01225-LK, 2025 WL 2733661, at *1 n.1 (W.D. Wash. Sept. 25, 2025).

The Court again reminds Mr. Baker that pro se litigants are subject to the same procedural requirements as other litigants. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Failure to comply with these requirements may result in sanctions up to and including dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to

//

//

//

---

[1] The Court liberally construed Mr. Baker's previously filed "motion to appoint an attorney for a fair trial, and notice of bias," Dkt. No. 48, as a motion for recusal, denied that motion, and referred it to Chief Judge Estudillo, Dkt. No. 53. Chief Judge Estudillo affirmed the denial of the request to recuse and noted that Mr. Baker provided "no evidence that would lead a reasonable person to question [the Court's] impartiality." Dkt. No. 64 at 3. Referring Mr. Baker's most recent "notice"—that was filed just one day later and reiterated essentially the same complaints—to Chief Judge Estudillo is not required by Local Civil Rule 3(f) and would serve no purpose.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

follow procedural rules justified dismissal of civil rights action); *Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023).

Dated this 19th day of May, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3