UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES et al.,<br><br>Defendants. | CASE NO. 2:25-cv-02302-LK<br><br>ORDER DENYING MOTIONS FOR LEAVE TO AMEND AND FOR SANCTIONS; GRANTING MOTION TO DISMISS |

This matter comes before the Court on a motion to dismiss filed by most of the Defendants, Dkt. No. 55; a notice of joinder in that motion filed by Defendant University of Washington Medical Center, Dkt. No. 56; Plaintiff Justin Baker's motion for leave to file an amended complaint, Dkt. No. 74; and his motion for sanctions, Dkt. No. 75. For the reasons set forth below, the Court grants Defendants' motions to dismiss and denies Baker's motions for leave and for sanctions.

## I. BACKGROUND

On December 10, 2025, the Court dismissed Baker's original complaint for failure to state

a claim, granted him leave to file an amended complaint, and denied his motion to appoint counsel. *See generally* Dkt. No. 9. Baker then filed an amended complaint. Dkt. No. 14.

The amended complaint names as Defendants the Washington State Department of Social and Health Services, Washington State Adult Protective Services, the Washington State Office of Administrative Hearings, the Washington State Attorney General's Office, the University of Washington Medical Center, and the Washington State Human Rights Commission. *Id.* at 2–3. "Defendant Washington State Department of Social and Health Services (DSHS), and its subdivision, Adult Protective Services (APS), is a state agency delivering a variety of social services." Dkt. No. 55 at 2 (citing Wash. Rev. Code §§ 43.20A.005–43.20A.030). "The Washington State Human Rights Commission (HRC) is a state agency responsible for administering and enforcing the Washington Law Against Discrimination." *Id.* (citing Wash. Rev. Code §§ 49.60.010; 49.60.030; 49.60.110-49.60.160). "The Office of Administrative Hearings (OAH) is a state agency established to hear and resolve disputes between the public and state agencies through an independent administrative law judge." *Id.* (citing Wash. Rev. Code § 34.12.010). And the "Washington State Office of the Attorney General (AGO) is, by state constitution and statute, the legal counsel for Washington state agencies; and the AGO initiates and prosecutes all actions on behalf of the state, and defends all actions and proceedings against any state officer or employee acting in their official capacity." *Id.* (citing Wash. Const. art. III, § 21; Wash. Rev. Code § 43.10.030).

Baker contends that APS is "not providing [him] with protection against civil rights abusers," and is discriminating against him and violating his constitutional rights by concluding that "he doesn't qualify for services[.]" Dkt. No. 14 at 4. In addition, Baker asserts that the HRC "lies on the investigation findings" and is "not properly investigating or issuing injunctions to protect [him] against civil rights abusers." *Id.* at 5.

Bakers also avers that the OAH and DSHS "deprive[] [him] of his due process rights at court hearings" by denying him accommodations under the Americans with Disabilities Act ("ADA"). *Id.* at 5. He contends that both of those Defendants have been calculating his food assistance benefits incorrectly since 2022. *Id.* at 11. According to Baker, he is owed additional monthly benefits and back benefits. *Id.* at 5. He also contends that he was denied due process in administrative hearings because he was not allowed to present witnesses, and the office "allowed hearsay from the state." *Id.* at 13.

Baker further alleges that the AGO wrongfully denied his tort claim, failed to protect him, and gave "negligent legal advice to adult protective services not to assist [him]." *Id.* at 14–15. He also contends that in giving that advice, the AGO was retaliating against him because he "sued the Washington state human rights commission and department of Social and Health Services and Adult Protective Services in federal court[.]" *Id.* at 15.

Baker contends that the University of Washington Medical Center "is not providing adequate care," and "is discriminating and retaliating against [him] for reporting the inadequate treatment," including denying him access to MyChart, "on-demand visits," and telehealth visits. *Id.* at 4, 7–8, 10; *see also id.* at 9–10 (contending that "University of Washington medical providers have even threatened [him] by telling [him] there would be consequences if [he] continued to talk about litigation against University of Washington, when [he] tells the negligent medical providers that he will be taking legal action if he does not get medical relief soon."). As for inadequate treatment, he contends that "they are cutting his appointments short after 35 minutes and telling him to come back again in another couple weeks, and the cycle continues but [he] receives no relief." *Id.* at 4. He also contends that the Meical Center "negligently offers [him] medications which caused [his] suicide attempt several years earlier, and which caused . . . exacerbation of his medical conditions." *Id.* at 8.

Baker asserts claims under the ADA; Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794; 42 U.S.C. § 1983; 42 U.S. Code § 12182 for "discrimination by public accommodations," and 28 C.F.R. § 36.206 for "[r]etaliation or coercion." *Id.* at 6. He seeks compensatory and punitive damages, as well as an order directing Defendants to "stop engaging in unlawful behavior towards [him] and stop reducing [his] food and stop violating [his] due process rights and medical rights." *Id.* at 20.

On May 7, 2026, DSHS, APS, the HRC, the OAH, and the AGO (the "Agencies") filed a motion to dismiss all claims. Dkt. No. 55. The Medical Center filed a notice of joinder in the motion the same day. Dkt. No. 56. Baker opposes dismissal. Dkt. No. 57. He also filed a motion for leave to amend his complaint, Dkt. No. 74, and for sanctions, Dkt. No. 75.

## II. DISCUSSION

### A. The Court Denies the Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." While courts liberally provide pro se plaintiffs leave to amend, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990), that is not limitless. Denying leave to amend is appropriate when the plaintiff fails to correct the deficiencies outlined by the district court in dismissing his original complaint. *Gimbel v. California*, 308 F. App'x 123, 124 (9th Cir. 2009).

Baker requests leave to amend his complaint to "add individuals working at the agencies listed as defendants" and to sue them in their individual capacities under Section 1983. Dkt. No. 74 at 1. He also wants to "request injunctive relief to stop the individuals and agencies from the unlawful and unconstitutional behaviors listed in the subject matter of [his] current complaint." *Id.* Specifically, he wants to sue individual DHS and OAH employees for "reducing [his] Federal

SNAP benefits based on receiving ongoing additional requirements supplemental food state benefits as a medical supplement and necessity." *Id.*

Defendants oppose the motion, arguing that Baker has already amended his complaint once, his motion for leave improperly adds new arguments in opposition to Defendants' motion to dismiss, and amendment would prejudice Defendants and impose undue delay. Dkt. No. 76 at 2. Specifically, they argue that "[i]f Plaintiff is granted to leave to file another complaint in this matter at this time, Defendants will be prejudiced by having to defend [themselves] against multiple complaints at the same time," and "granting leave to amend the complaint will cause an undue delay in litigation as Defendants will have to duplicate their efforts to respond to Plaintiff again and likely engage in further motion practice on the same claims." *Id.* In addition, they argue that granting leave would be futile because Baker "fails to articulate exactly what remedy or relief he is seeking," and he is not entitled to injunctive relief for the reasons set forth in their motion to dismiss. *Id.* at 3. The Medical Center filed a separate response arguing that the motion to amend is futile. *See generally* Dkt. No. 79. Specifically, they argue that Baker "seeks to circumvent the government agencies' Eleventh Amendment immunity by suing the individual employees, but this attempt is futile" because the employees who provided him medical care are federal employees who are immune from suit under the Federal Tort Claims Act, 28 U.S.C. § 2679. *Id.* at 5. In addition, the Medical Center argues that Baker has not met any of the elements to show that he is entitled to injunctive relief. *Id.* at 5–6. In reply, Baker reiterates that he seeks injunctive relief to stop the State from reducing his SNAP benefits and "the unlawful negligent interference with Adult Protective investigations[.]" Dkt. No. 78 at 4–5; *see also* Dkt. No. 80 (second reply brief).

Baker's motion to amend does not comply with Local Civil Rule 15. That rule requires that a party seeking to amend a complaint "must attach a copy of the proposed amended pleading as an exhibit to the motion" and "indicate on the proposed amended pleading how it differs from the

pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." LCR 15(a). Despite these clear requirements, Baker's motion does not include a proposed second amended complaint. The requirement to submit a proposed amended complaint "is not simply a procedural hurdle for him to clear[.]" *Brown v. Michaelis*, No. 2:22-cv-00828-LK-GJL, 2025 WL 2591821, at *6 (W.D. Wash. July 10, 2025). Rather "the submission of a proposed amended pleading is essential for Plaintiff to demonstrate that leave should not be denied on futility grounds or based on his repeated failure to cure his pleading's deficiencies." *Id.* In addition, "a proposed amended pleading provides notice and an opportunity for Defendants to identify any undue prejudice that the amendment could cause." *Id.* ("Absent disclosure of the actual amended pleading Plaintiff wishes to file, Defendants are left without a full and fair opportunity to screen the pleadings for prejudice and oppose leave to amend on that and other grounds."). Here too, Baker's failure to provide a proposed second amended complaint has left Defendants and the Court unable to address the nature of his proposed amendments.

In addition, this Court has repeatedly reminded Baker that like all litigants, he is required to comply with all "procedural requirements," which "entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules." Dkt. No. 20 at 5; *see also* Dkt. Nos. 45, 63, 67, 73, 83, 85, 87. And just last year, another Court in this district ordered Baker that his filings must comply "with the Local Civil Rules and the Federal Rules of Civil Procedure, both of which are available in the Court's resources for self-represented litigants cited" set forth in the Court's order. *Baker v. Avenue4 Residential*, 2:24-cv-01862-JHC, 2025 WL 1632218, at *2 (W.D. Wash. Apr. 24, 2025). In sum, Baker is well aware of his obligation to comply with all procedural requirements, including the Local Civil Rules, but his motion to amend does not do so. Accordingly, the motion is denied for failure to comply with Local Civil Rule 15.

Finally, even if the Court were to consider the motion, it would deny it as futile. Baker does not identify a single employee he would add if granted leave to amend. *See generally* Dkt. No. 74. Although he seeks to add Section 1983 claims against them, Dkt. No. 74 at 1, he has not alleged how each (unidentified) person violated his constitutional rights. To state a claim for relief under Section 1983, Baker must show that (1) he suffered a violation of a right protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, to establish a Section 1983 claim against the individual Defendants, Baker must allege facts showing how each individually named Defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (a plaintiff must show "personal participation in the alleged rights deprivation"). Baker's motion does not identify any employee or allege how they personally violated his constitutional rights. *See generally* Dkt. No. 74. And the Court has already granted Baker leave to amend his complaint once. Dkt. No. 9; *see also Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation modified)). Accordingly, the motion for leave to amend is denied.

**B. The Court Grants the Motion to Dismiss**

1. <u>Legal Standard</u>

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). The typical bases for federal jurisdiction are

established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (e.g., citizens of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case. Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought," Fed. R. Civ. P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2. <u>The Court Dismisses Baker's Section 1983 Claim without Leave to Further Amend</u>

The Agencies move to dismiss Baker's amended complaint "for lack of subject matter jurisdiction due to [the] Agencies' Eleventh Amendment immunity or, in the alternative, for failure to state a claim." Dkt. No. 55 at 1. The Agencies contend that they "are immune from this suit

under the Eleventh Amendment as the state agencies have not consented to suit in federal court." *Id.* at 3. And because the Agencies are immune, the Court lacks jurisdiction over Baker's claims against them. *Id.* at 4. The Agencies also argue that Baker fails to state a claim under the ADA because he has not pleaded the necessary elements of such a claim. *Id.* at 6–7 (citing *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)). They also argue that Baker's Section 1983 fails because the Agencies are not "persons" subject to suit under that statute. *Id.* at 7. The Medical Center joined the motion without additional substantive argument. Dkt. No. 56.

Baker opposes the motion to dismiss, disputing that the Agencies are immune because "everybody is required to follow the same laws," including states. Dkt. No. 57 at 1. He asserts that Defendants violated his "federal rights" or "federal civil rights," including his right to due process because Defendants did not "successfully perform the investigations" and resolve his issues in his favor. Dkt. No. 57 at 2–3.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008); *see also Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (explaining that states or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes are not "persons" under Section 1983). State agencies are immune under the Eleventh Amendment from suits brought in federal court for either private damages or injunctive relief. *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017).

Defendants have set forth why they are state agencies entitled to immunity, Dkt. No. 55 at 3–4, and Baker has not provided any substantive arguments in response, other than to generally disagree with the immunity doctrine, Dkt. No. 57 at 1. The Court will not invent arguments for Baker. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("To put it plainly, courts call balls and strikes;

they don't get a turn at bat." (citation modified)); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). Moreover, Courts in this district have concluded that Defendants are arms of the state and entitled to immunity. *Yost v. Nunez*, No. C25-0918JLR, 2025 WL 3013725, at *2 (W.D. Wash. Oct. 28, 2025) (finding that DSHS "is a state agency that has not waived its Eleventh Amendment immunity"); *Powell v. City of Seattle*, No. 2:22-cv-01157-JLR-BAT, 2022 WL 16814020, at *2 (W.D. Wash. Oct. 20, 2022) ("The University of Washington is an arm of the state for purposes of the Eleventh Amendment" and "has not waived its Eleventh Amendment immunity"), *report and recommendation adopted*, 2022 WL 16763732 (W.D. Wash., Nov. 7, 2022); *Nilsen v. Univ. of Wash. Med. Ctr.*, No. C23-1498 MJP, 2024 WL 4723233, at *6 (W.D. Wash. Nov. 8, 2024) ("[N]o claims can be brought against the University, as it is a subdivision of the State, immune from suit.").[1] Consequently, the Eleventh Amendment bars Baker's due process claims against Defendants and deprives this Court of subject matter jurisdiction over those claims.

In addition, only "persons" are subject to suit under Section 1983, *Peter-Palican v. Gov't of N. Mariana Islands*, 695 F.3d 918, 919 n.1 (9th Cir. 2012), and states and state agencies are not "persons" subject to a suit for damages under Section 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because Defendants are not "persons" for purposes of a Section 1983 claim, they are not subject to suit under Section 1983.

---

[1] The Revised Code of Washington suggests that the three *Kohn* factors favor treatment of the Agencies as an arm of the state. *See Kohn v. State Bar of California*, 87 F.4th 1021, 1030–31 (9th Cir. 2023) (en banc) (whether a state agency is an arm of the state depends on "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury."); *see also* Wash. Rev. Code §§ 43.20A.020, 43.20A.030 (DHS and APS); *id.* §§ 49.60.010, 49.60.030; 49.60.110–49.60.140 (HRC); *id.* § 34.12.010 (OAH).

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect," a pro se litigant is entitled an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). However, granting Baker leave to amend his Section 1983 claims would be futile for the reasons set forth above, so the Court denies leave to amend those claims. *See, e.g.*, *Sharnese v. California*, 547 F. App'x 820, 823–24 (9th Cir. 2013) (affirming denial of leave to amend when state sovereign immunity presented a "fatal" defect in the pleading).

3. The Court Dismisses Baker's Disability-Related Claims without Further Leave to Amend

Baker's amended complaint lists a claim under "42 U.S. Code § 12182" for "discrimination by public accommodations[.]" Dkt. No. 14 at 6. However, the Court previously held that Baker failed to state a claim under 42 U.S.C. § 12182 in his original complaint because "'Title III of the ADA does not apply to governmental entities,' including the state of Washington." Dkt. 9 at 4 (quoting *Sanchez v. Washington*, No. 3:17-cv-1669-SI, 2018 WL 5085756, at *8 (D. Ore. Oct. 18, 2018)). The Court again finds that Baker has not stated a claim under Title III of the ADA and denies leave to amend this claim as futile.

Baker also fails to state a claim under Title II of the ADA. Title II provides: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C § 12132. The definition of "public entity" includes state governments as well as a state government "department" and "agency." *Id.* § 12131(1). To prove a claim under Title II, Baker must show that 1) he is a "qualified individual with a disability"; 2) "he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and 3) "such

exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall*, 260 F.3d at 1135. Baker must prove the same elements for a Rehabilitation Act claim. *Id.* at 1135–36 (addressing plaintiff's Title II of the ADA and his Section 504 of the Rehabilitation Act claims together). To recover money damages under either statute, Baker must establish that the defendant intentionally discriminated against him. *Id.* at 1138.

Defendants contend that Baker does not allege that he is a "qualified individual with a disability[.]" Dkt. No. 55 at 6. That definition applies to a person "with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "Disability" is defined under the ADA as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(2). Baker identifies himself as "federally disabled on Social Security disability benefits due to neurological and mental and physical conditions," Dkt. No. 14 at 6, but those conclusory statements are insufficient to state a claim under the ADA. *See, e.g.*, *Del-Villar-Rosario v. Puerto Rico Dep't of Justice*, 573 F. Supp. 2d 496, 502–03 (D.P.R. 2008) (plaintiff referred to himself as "handicapped, mentally ill," but "failed to establish that he qualifies as 'disabled' within the meaning of the ADA because he has not identified which major life activity has been impaired by his conditions and the extent of said impairment"). Baker's complaint does not identify his disability or an impairment that substantially limits any major life activity, so he has failed to state a claim on that basis.

Defendants also argue that Baker has failed to state a claim under Title II of the ADA or under the Rehabilitation Act because he has not shown that he was "either excluded from

participation in or denied the benefits of a public entity's services, programs or activities or was otherwise discriminated against by the public entity" *because of* his disability. Dkt. No. 55 at 6. Baker responds that the HRC "did not successfully perform the investigations the way they should," the AGO gave negligent legal advice to another agency, and his due process rights were violated when his "federal food dollars" were "deducted by the state due to a supplemental food being ordered by [his] medical doctors." Dkt. No. 57 at 2–3. Baker's dissatisfaction with *outcome* of the investigations and hearings and with the substance of the legal advice the AGO gave to others does not show that he was denied government services or due process. *See, e.g.*, Dkt. No. 14 at 17 (Baker noting that the HRC conducted "a multi-year investigation" into his alleged civil rights violations). Moreover, none of Baker's allegations—including his allegation that DSHS and OAH deprived him of "more food" benefits, *id.* at 14—show that the Agencies denied him government services or benefits *because of* his disability. *See generally* Dkt. No. 14.

Baker also contends that OAH and DSHS "deprive[d] [him] of his due process rights" at "food hearings" by failing to appoint him an attorney, not permitting him to present witnesses, and allowing hearsay. *Id.* at 5, 12–13. However, Title II's implementing regulations do not require the appointment of an attorney as an accommodation or otherwise encompass the issues Baker raises. *See* 28 C.F.R. § 35.101 *et seq.* Nor has Baker alleged or shown that he was denied a "meaningful opportunity to be heard," *Tennessee v. Lane*, 541 U.S. 509, 523 (2004), when he specifically states that he "has participated in each and every court hearing," exercised his rights to appeal, and "attend[ed] numerous office of administrative hearings court cases," Dkt. No. 14 at 11–12. The Agencies assert that Baker's claims against the OAH and the HRC are also barred by quasi-judicial immunity. Dkt. No. 55 at 9–10. The Court agrees with the Agencies that OAH has quasi-judicial immunity for Baker's claims about how OAH conducted the hearings. *Blackburn v. Dep't of Soc. and Health Servs.*, 25 Wash. App. 2d 1041, 2023 WL 1839130, at *20 (Wash. Ct. App. 2023)

(finding that OAH "is entitled to the same quasi-judicial immunity afforded" to its administrative law judges). Accordingly, Baker has failed to state an ADA or Rehabilitation Act claim against the Agencies, warranting dismissal. *See Kohn*, 119 F.4th at 699 ("Of course, if a plaintiff fails to state a claim under Title II, dismissal is appropriate.").

The Agencies also note that the Court already found that Baker failed to state a claim under 28 C.F.R. § 36.206 in his original complaint, Dkt. No. 9 at 5, and his amended complaint does not remedy that deficiency. Dkt. No. 55 at 7. They also aver that Baker makes only "bare allegations" of retaliation without "alleging he was exercising his rights or participating in an investigation within the scope of the ADA." *Id.* at 8 (citing Dkt. No. 14 at 16–17). The regulation states:

> No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the [ADA] or this part.

28 C.F.R. § 36.206(b). Prohibited conduct also includes "[t]hreatening, intimidating, or interfering with an individual with a disability who is seeking to obtain or use the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation;" *id.* § 36.206(c)(2), and "[r]etaliating against any person because that person has participated in any investigation or action to enforce the Act or this part," *id.* § 36.206(c)(4).

Mr. Baker includes "Retaliation or coercion (28 CFR § 36.206)" in his list of claims, Dkt. No. 14 at 6, but he does not elaborate on that regulation anywhere in his complaint. In addition, the Court agrees with the Agencies that Baker's allegations of retaliation do not relate to conduct prohibited by the ADA or 28 C.F.R. § 36.206. Dkt. No. 14 at 12 (alleging that DSHS retaliated because he alleged that they violated his constitutional rights); *id.* at 16 (alleging that the HRC and APS retaliated against him after he threatened to sue them for not protecting him from his landlord,

and the AGO gave "negligent legal advice" to other agencies after he threatened to sue that office). In sum, Baker has failed to state a claim against the Agencies.

Baker has also failed to state a claim against the Medical Center. Baker contends that it is "not providing adequate care and is only making [him] feel worse mentally and physically and neurologically and emotionally." Dkt. No. 14 at 4. At the same time, he acknowledges that the Medical Center has seen him for appointments and provided care, including taking blood samples, conducting x-rays of his feet regarding his foot pain, and performing various tests. *Id.* at 4, 8. Thus, he is not alleging that the Medical Center has denied him care; he is instead dissatisfied with the nature and quality of that care. *See also* Dkt. No. 80 at 3–4 (Baker's reply brief alleging "negligence" by his doctors). However, it is well settled that "the ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc); *Marlor v. Madison Cnty., Idaho*, 50 F. App'x 872, 873 (9th Cir. 2002) ("Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason of* a disability."). In addition, the ADA "does not create a remedy for medical malpractice." *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). Baker also contends that the Medical Center is "retaliating against [him] for reporting the inadequate treatment," Dkt. No. 14 at 4, but again, alleged retaliation for complaining about inadequate medical care is not within the scope of the ADA. *See, e.g.*, 28 C.F.R. § 36.206(c)(4) (prohibiting "[r]etaliating against any person because that person has participated in any investigation or action to enforce the Act or this part"). Baker has thus failed to state a claim against the Medical Center.

Having found that Baker has failed to state a claim against Defendants based on his alleged disability, the Court considers whether to grant him leave to amend these claims. For the reasons

set forth above, the Court finds that amendment of the claims against the Agencies would be futile. And again, the Court has already explained the deficiencies with these claims and given Baker an opportunity to state a claim, Dkt. No. 9 at 4–5, but the amended complaint does not remedy those deficiencies. The Court therefore does not grant Baker further leave to amend.

**C. The Court Denies Baker's Motion for Sanctions**

Baker has filed a "motion for sanctions against Washington State Attorney's General Office for malingering[.]" Dkt. No. 75 at 1. He argues that the law supports him, and the AGO is "lying to the court" by arguing that his claims are subject to dismissal. *Id.* He also asserts: "The AG office needs to be stopped from instructing the agencies not to assist me, and I'm seeking sanctions against the AG office." *Id.* at 2.

Defendants oppose the motion. Dkt. Nos. 77, 81. The Agencies contend that the motion does not identify any sanctionable conduct, and Baker is improperly using that motion as a "means to further his legal arguments against the Defendants." Dkt. No. 77 at 2. They also argue that he has failed to comply with Rule 11's safe harbor provision. *Id.* The Medical Center joins in the Agencies' response and notes that the motion for sanctions does not appear to be aimed at it. Dkt. No. 81 at 1.

Federal Rule of Civil Procedure 11 requires a party to serve its motion for sanctions on the opposing party—with an opportunity to cure the allegedly sanctionable filing—21 days before filing it. Fed. R. Civ. P. 11(c)(2). Compliance with that procedure is "mandatory." *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1151–52 (9th Cir. 2002); *see also Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) ("A motion for sanctions may not be filed . . . unless there is strict compliance with Rule 11's safe harbor provision."). Because Baker did not comply with Rule 11's requirements, he is not entitled to sanctions under that rule. Even if he did comply, sanctions would not be warranted under Local Civil Rule 11,

which requires a showing that Defendants or their counsel acted in bad faith or willfully disobeyed a court order, *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481–82 (9th Cir. 1989); *Rogers v. City of Seattle*, No. 2:25-cv-00421-LK, 2025 WL 2830645, at *3 (W.D. Wash. Oct. 6, 2025), or under the Court's inherent authority, which requires a specific finding of "bad faith or conduct tantamount to bad faith," *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Baker has not alleged or shown that Defendants or their counsel have engaged in such conduct warranting sanctions. Instead, his motion is frivolous. *In re Nat'l Mass Media Telecomm. Sys., Inc.*, 152 F.3d 1178, 1181 (9th Cir. 1998) (an argument is frivolous when its resolution is "obvious" or it is "wholly without merit").

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss, Dkt. Nos. 55, 56, and DENIES Baker's motion for leave to file an amended complaint, Dkt. No. 74, and his motion for sanctions, Dkt. No. 75.

Dated this 30th day of July, 2026.

Lauren King
United States District Judge